# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA, <br> Plaintiff, <br> v. <br> BOB STALL CHEVROLET, a California Corporation, and DOES 1-10, <br> Defendants. | Case No.: 3:14-cv-2642-L-NLS <br><br> **ORDER:** <br><br> **GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE [Doc. Nos. 49, 50]** <br><br> **DENYING JOINT MOTION TO STAY PROCEEDINGS [Doc. 54]** |

## BACKGROUND

Schutza claims he patronized Bob Stall without an appointment for the purpose of purchasing a Chevrolet Equinox on June 16, 2014. Schutza claims that Mr. Stanley greeted him and showed an Equinox. Schutza requested a test drive of an Equinox using temporary adaptive hand controls. Mr. Stanley equivocated regarding whether Schutza could test drive the vehicle using hand controls but assured Schutza that he would be contacted once Stanley found a definitive answer. Mr. Stanley has no memory of speaking with Schutza in June of 2014 and could have readily identified Schutza from previous litigation between Schutza and Bob Stall.

Pending before the Court are two motions *in limine*. The first motion seeks to exclude from trial a cell phone log produced by Plaintiff Scott Schutza ("Schutza") on hearsay and relevance grounds. *See* Doc. No. 49. The second motion seeks to exclude

from trial a business card of the internet sales manager at Defendant Bob Stall Chevrolet ("Bob Stall"), Bob Stanley, on hearsay and relevance grounds. *See* Doc. No. 50.

I.  **CELL PHONE LOG**

Schutza intends to introduce a printed copy of his cell phone log detailing incoming and outgoing calls into evidence. Bob Stall contends the cell phone log is inadmissible hearsay. Schutza contends that the call log is not hearsay because it is merely a computer printout his call history. Federal Rule of Evidence 801 defines hearsay as statement the declarant does not make while testifying at the current trial or hearing offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Nonverbal conduct or written assertions qualify as a statement under Rule 801(a). The call log is not hearsay. Schutza only intends to use the log at trial to prove the date and time he was called. The truth of the matter asserted, i.e. Bob Stall denied Schutza use of temporary hand controls for a test drive, is not proved by the call alone. Th existence of the phone call is inextricably intertwined with the facts of this case. The content of the phone conversation could be hearsay, but Schutza intends to testify regarding the content and will be subject to cross examination on that issue. Determining the credibility and truth of Schutza's testimony is left to the jury. The Court reasons that this evidence is reliable as both parties' records prove the call's existence. As such, the Court denies Bob Stall's motion *in limine* on hearsay grounds.

Nonetheless, the Court also agrees with Schutza that the statement meets the elements of an opposing party's statement under Rule 801(d)(2)(A) and (D). Under Rule 801(d)(2)(A), the call log is admissible because it is being offered against Bob Stall and was my Bob Stall in an individual or representative capacity. Under Rule 801 (d)(2)(D), the call log is arguably admissible as the statement was made by a Bob Stall employee on a matter within the scope of the employer-employee relationship and while it existed. Therefore, the call log is admissible as an opposing party's statement pursuant to Fed. R. Evid. 801(d)(2).

Although not raised in the parties' pleadings, the Court notes that, while the Ninth Circuit has held that telephone records are business records for the purposes of Rule 803(6), Schutz failed to lay foundation proving the record is kept in the regular course of business. *See United States v. Linn*, 880 F.2d 209, 216 (9th Cir. 1989); *see also United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985). Notwithstanding, Schutza authenticated the call log by highlighting evidence presented by Bob Stall to support a finding that the call log is what its claimed to be pursuant to Rule 901(a) and (b)(6)(A). Schutza notes that the log "shows a two-minute call on June 16, 2014, at 5:47 p.m." from a number associated with Bob Stall. Doc. 51 at 2.

As follows, Bob Stall's relevance contention under Rule 401 fails since the Court found that the call log is not hearsay.

## II. BUSINESS CARD

Schutza intends to introduce Mr. Stanley's business card to prove that he in fact met Mr. Stanley because Mr. Stanley disputes this fact. Bob stall again contends that this evidence is hearsay. Schutza contends that the business card and its accompanying handwritten notes are exceptions to the hearsay rule as a present sense impression. Rule 803(1) defines a present sense impression as "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." The business card is hearsay because it is a written assertion offered to prove the truth of the matter, i.e., Schutza met Mr. Stanley. Considering Mr. Stanley denies meeting Schutza, the Court finds the business card does not satisfy the elements of Rule 803(1) as the preprinted information on the card does not describe an event and it is disputed whether a meeting in fact occurred which the handwritten notes document. In fact, the Court notes that the date Schutza claims he met Mr. Stanley at the dealership is two days after he received a phone call from Bob Stall. The Court question the reliability of the handwritten notes, and Schutza does nothing to bolster the business card's reliability. Accordingly, the Court GRANTS Bob Stall's motion *in limine*.

### III. MOTION TO STAY

The parties filed a joint motion requesting a 60-90 days continuance of all pending trial dates due Schutza's recovery from a medical condition. Specifically, the parties represent that any trial-related court dates before June 7, 2019 would be difficult for Schutza to attend. After review of the trial management order, the Court finds that the current trial-related dates do not conflict with Schutza's recovery. The only remaining court dates in which appearance would be necessary is the trial date of **July 16, 2019**. To the extent Schutza's medical condition prevents him from appearing for trial, the parties should provide evidence of such. Dr. Yuan Liu's letter does not prove that Schutza cannot appear for trial. Accordingly, the Court denies the parties' joint motion to stay proceedings.

### IV. CONCLUSION & ORDER

The Court **GRANTS IN PART** and **DENIES IN PART** Bob Stall's motions *in limine* as follows:

- Schutza shall not present the business card with handwritten notes at trial.
- Schutza is allowed to introduce his cell phone call log under Rule 801.
- The parties' joint motion to stay is DENIED.
- The hearing on motions *in limine* set for Thursday, May 16, 2019 is VACATED.

**IT IS SO ORDERED.**

Dated: May 15, 2019

Hon. M. James Lorenz
United States District Judge